James L. Buchal, OSB No. 921618
MURPHY & BUCHAL LLP
3425 SE Yamhill Street, Suite 100
Portland, OR 97214
Tel: 503-227-1011
Fax: 503-573-1939
E-mail: jbuchal@mbllp.com
*Attorneys for Plaintiffs (see signature block)*

Tyler Smith, OSB No. 75287
TYLER SMITH & ASSOCIATES PC
181 N. Grant Street, Suite 212
Canby, OR 97013
Tel: 503-266-5590
Fax: 503-213-6392
E-mail: tyler@ruralbusinessattorneys.com
*Attorney for Plaintiffs (see signature block)*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| OPEN OUR OREGON, DA CIELO LLC, THE MOUNT HOOD MIXER SHOP, INC., UNDER THE SKIN TATTOO LLC, BRYANT LLC, KUEBLER'S FURNITURE, INC., KATHY SALDANA, as an individual; MICHELE KARPONTINIS, as an individual; and DAVID PARSON, as an individual,<br><br>        Plaintiffs,<br><br>        v.<br><br>KATE BROWN, in her official capacity as the Governor of the State of Oregon, LILLIAN SHIRLEY, in her official capacity as Public Health Director of the State of Oregon,<br><br>        Defendants. | No. 20-CV-00773-MC<br><br>**BENCH MEMORANDUM CONCERNING ADDITIONAL AUTHORITY** |

Page 1: BENCH MEMORANDUM CONCERNING ADDITIONAL AUTHORITY

**Memorandum**

The day after the plaintiffs filed this action, the Supreme Court of Wisconsin issued a decision in *Wisconsin Legislature v. Palm*, No. 2020AP765-OA (May 13, 2020) (copy attached hereto as Exhibit 1). While the majority opinion of the Court did not directly address constitutional limitations on the scope of the Governor's executive power, its decision makes it clear that it had "serious constitutional questions" about the assertion of open-ended statutory emergency powers akin to those asserted by the Government here. (Slip op. at 18.) As the majority decision explains, "the people consent to the Legislature making laws because they have faith that the procedural hurdles required to pass Legislation limit the ability of the legislature to infringe on their rights." (*Id.* at 19.)

Here it was not the Oregon Legislature acting, as did the Wisconsin legislature, to issue specific legislation affording specific public health control measures. (*See id.* at 24-27 (contrasting specific public health authority to extraordinary overreach in orders).) The Wisconsin Supreme Court properly held that general orders "closing business" went beyond such specific grants of authority. (*Id*. at 31-32.) We are filing here the Declaration of Kelly Barnett to underscore just how extreme and unprecedented the Governor's authority stands in comparison to Oregon's carefully prepared procedures for pandemic responses (quarantine and isolation, including the isolation of groups), procedures that are designed to protect the fundamental constitutional rights abridged here.

Of further relevance to this Court's decision is the Wisconsin Supreme Court's observation that any emergency powers recognized in a Governor "are premised on the

Page 2: BENCH MEMORANDUM CONCERNING ADDITIONAL AUTHORITY

inability to secure legislative approval given the nature of the emergency" (*Id.* at 22), while "in the case of a pandemic, which lasts month after month, the Governor cannot rely upon emergency powers indefinitely" (*id*. at 23).  Similar to Wisconsin, Oregon has a statutory scheme that provides for orders to last only 14 days, unless extended (ORS 433.441(5), or in the case of truly "catastrophic disaster, calls for the Governor to convene the Legislature (Or. Const., Art. 10-A, § 1).  State law does not control the boundaries of federal constitutional rights, but the extended duration of this emergency clearly informs the degree to which this Court should defer to the Governor's balancing away of Constitutional rights on emergency grounds without the legislative or judicial input contemplated in Oregon law (*see generally* Oregon Isolation and Quarantine Bench Book, Barnett Decl. Ex. 3).

      Finally, we believe the concurring opinion of Judge Bradley best explains how the challenged Executive Orders stand as "a plain, palpable invasion of rights secured by the fundamental law".  *Jacobsen v. Commonwealth of Massachusetts*, 197 Or. 11, 31 (1905).  Like the people of Oregon, "the people of Wisconsin never consented to any elected official . . . having the power to create law, execute it, and enforce it".  (Bradley, J., concurring slip op. at 1 (Exhibit 1, at 40).)  Justice Bradley reviews pertinent portions of the Federalist Papers,  U.S. Supreme Court authority going back to *Marbury v. Madison*, 5 U.S. (1 Cranch) 137 (1803), Blackstone, writings of the Founders, and other authority to show the truly fundamental nature of separation of powers as an inherent attribute of the Constitutional government this Court is bound to guarantee, and a core component of the fundamental right of liberty granted to the People.  (*Id.* at 2-5 (Exhibit 1, at 41-44).)  All these concerns are endorsed by, and expand upon, in a second excellent concurring

Page 3: BENCH MEMORANDUM CONCERNING ADDITIONAL AUTHORITY

opinion by Justice Daniel Kelly. (Kelly, J., concurring, slip op at 1-24 (Exhibit 1, at 62-85).

Justice Bradley also expands upon our reference to *Korematsu v. United States,* 323 U.S. 214 (1944), by discussing it and *Buck v. Bell*, 274 U.S. 200 (1927), and explaining that

> "These repugnant cases must be cited to explain the fundamental importance of judicial resistance to popular pressures, which in times of crisis implore judges to cast aside the law in the name of emergency. 'History teaches that grave threats to liberty often come in times of urgency, when constitutional rights seem too extravagant to endure. . . . [W]hen we allow fundamental freedoms to be sacrificed in the name of real or perceived exigency, we invariably come to regret it.' *Skinner v. Railway Labor Executives' Ass'n*, 489 U.S. 602, 635 (1989) (Marshall, J., dissenting). Even if a significant portion of the public supports the Safer at Home Order, the judiciary must protect the structural separation of powers embodied in our state and federal constitutions in order to avoid future monumental mistakes from which our republic may never recover.

(*Id*. at 11-12.)

We anticipate the State may object that it is not for this Court to address gross violations of the separation of state powers. But these Orders, which according to news reports now extend even to rejecting the petitions of Marion and Polk County for limited release from her Orders, are truly unprecedented and extraordinary. Above all else, the Wisconsin Supreme Court opinion demonstrates how the kind of Orders issued by the Governor—including the new Executive Order No. 20 25--go so far from the traditional and fundamental conceptions of American governance as to demand enforcement of plaintiffs' Constitutional rights.

Page 4: BENCH MEMORANDUM CONCERNING ADDITIONAL AUTHORITY

DATED: May 15, 2020.

                        */s/  James L. Buchal*
                        James L. Buchal, OSB No. 921618
                        MURPHY & BUCHAL LLP3425 SE Yamhill Street, Suite 100
                        Portland, OR  97214
                        Tel:     503-227-1011
                        Fax:    503-573-1939
                        E-mail:  jbuchal@mbllp.com
                        *Attorney for Plaintiffs Open Our Oregon, Da Cielo LLC, The Mount Hood Mixer Shop, Inc., Under The Skin Tattoo LLC, Bryant LLC, and Kuebler's Furniture, Inc.*

                        */s/ Tyler Smith*
                        Tyler Smith, OSB No. 075287
                        TYLER SMITH & ASSOCIATES PC
                        181 N. Grant Street, Suite 212
                        Canby, OR 9 7013
                        Tel:  503-266-5590
                        Fax:  503-213-6392
                        E-mail:  tyler@ruralbusinessattorneys.com
                        *Attorney for Plaintiffs Kathy Saldana, Michele Karpontinis, and David Parson*

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing BENCH MEMORANDUM CONCERNING ADDITIONAL AUTHORITY on May 15, 2020, by notice of electronic filing using the CM/ECF System on the following parties listed below:

MARC ABRAMS #890149  
Assistant Attorney-in-Charge  
CHRISTINA BEATTY-WALTERS #981634  
Senior Assistant Attorney General Trial Attorney  
Department of Justice 100SW Market Street  
Portland, OR 97201  
Tel (971) 673-1880  
Fax (971) 673-5000  
E-mail: marc.abrams@doj.state.or.us  
E-mail: tina.beattywalters@doj.state.or.us  
*Of Attorneys for Defendants*

                                                */s/  James L. Buchal*