IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

OPEN OUR OREGON, et al.,

       Plaintiffs,

       v.

KATE BROWN, in her official capacity as
the Governor of the State of Oregon,
LILLIAN SHIRLEY, in her official
capacity as Public Health Director of
the State of Oregon,

       Defendants.

_____

Civ. No. 6:20-cv-773-MC

OPINION AND ORDER

**MCSHANE, Judge**:

       The plaintiffs, in addition to a nonprofit advocacy group, are numerous businesses
located throughout the State of Oregon who have been financially impacted by the government's
response to the Coronavirus pandemic. They include a hair salon in Portland's Pearl District; a
bar and grill in Yoncalla, a liquor store in Hood River and The Dalles, a tattoo artist in Hood
River, a furniture store in Salem, taverns in Ontario and Vale, a lingerie store in Roseburg, and a
gym in Beaverton. In a wide-ranging complaint, they argue that the governor's response to the

1 – OPINION AND ORDER

pandemic violates their civil rights, is arbitrary and capricious, is based on unsound data and

science, is politically motivated to deny voting rights to Republicans, and exceeds the authority

granted to the governor under Article 10-A of the Oregon Constitution and Oregon Revised

Statute 443.441. They ask this court to declare that the Governor's Executive Order Nos. 20-7

and 20-12 are null and void. Specifically, in their Complaint filed May 12, 2020, Plaintiffs seek:

1. A judgment declaring that the Governor's Executive Order Nos. 20-07 and
   20-12, are null and void, of no effect, insofar as those orders forbit the
   operation of Oregon businesses.

2. A judgment and orders temporarily, preliminarily, and finally enjoining
   defendants, and all those in active concert or participation with them, from
   enforcing, attempting to enforce, threatening to enforce, or otherwise
   requiring compliance with Executive Order No. 20-07 and Executive Order
   No. 20-12, insofar as those orders forbid the operation of Oregon businesses.

Compl. 21-22.

   The defendants are Oregon's governor, as well as its director of Public Health.

Presumably, they will argue that the measures taken by the governor are rationally related to a

public health crisis, that the court is not in a position to second-guess the interpretation of

accepted scientific data, that the issues are mooted by the phased-in approach the government is

taking to reopen Oregon businesses, and that the Governor has not exceeded her authority under

the  Oregon Constitution or any state statute.

   Pending before the Court is Plaintiffs' motion for emergency injunctive relief. A party

seeking a preliminary injunction "must establish that he is likely to succeed on the merits, that he

is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of

equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural

Resources Defense Council, Inc.*, 129 S. Ct. 365, 374 (2008). The mere possibility of irreparable

harm is not enough. Rather, the plaintiff must establish such harm is likely. *Alliance for the Wild*

2 – OPINION AND ORDER

*Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). The standards for issuing a temporary restraining order are similar to those required for a preliminary injunction. *Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F.Supp. 1320, 1323 (N.D. Ca. 1995). The court's decision on a motion for a preliminary injunction is not a ruling on the merits. *See Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984).

Setting aside for a moment their state law claims, Plaintiffs' federal constitutional claims are unlikely to succeed on the merits. The Supreme Court "has distinctly recognized the authority of a state to enact quarantine law and health law of every description." *Jacobson v. Commonwealth of Massachusetts*, 197 U.S. 11, 25 (quotations omitted). "According to settled principles, the police power of a state must be held to embrace, at least, such reasonable regulations established directly by legislative enactment as will protect the public health and public safety." *Id.* Like the Plaintiffs here, the Plaintiff in *Jacobson* argued mandatory vaccination laws were unreasonable, arbitrary and capricious, and violated his constitutional rights. In rejecting those arguments, the Court noted:

> But the liberty secured by the Constitution of the United States to every person within its jurisdiction does not import an absolute right in each person to be, at all times and in all circumstances, wholly freed from restraint. There are manifold restraints to which every person is necessarily subject for the common good. On any other basis organized society could not exist with safety to its members. Society based on the rule that each one is a law unto himself would soon be confronted with disorder and anarchy. Real liberty for all could not exist under the operation of a principle which recognizes the right of each individual person to use his own, whether in respect of his person or his property, regardless of the injury that may be done to others. This court has more than once recognized it as a fundamental principle that persons and property are subjected to all kinds of restraints and burdens in order to secure the general comfort, health, and prosperity of the state; of the perfect right of the legislature to do which no question ever was, or upon acknowledged general principles ever can be, made, so far as natural persons are concerned. In *Crowley v. Christensen*, we said: The possession and enjoyment of all rights are subject to such reasonable conditions as may be deemed by the governing authority of the country essential to the safety,

> health, peace, good order, and morals of the community. Even liberty itself, the
> greatest of all rights, is not unrestricted license to act according to one's own will.
> It is only freedom from restraint under conditions essential to the equal enjoyment
> of the same right by others. It is, then, liberty regulated by law.

*Id.* at 26-27 (citations and quotations omitted).

At this stage, this Court is inclined to side with the chorus of other federal courts in pointing to *Jacobson* and rejecting similar constitutional claims brought by Plaintiffs challenging similar COVID-19 restrictions in other states. *Geller v. De Blasio*, 2020 WL 2520711 (S.D. NY May 18, 2020); *Elim Romanian Pentecostal Church v. Prikzker*, 2020 WL 2517093 (7th Cir. May 16, 2020); *Spell v. Edwards*, 2020 WL 2509078 (M.D. La. May 15, 2020); *In re Abbott*, 954 F.3d 772 (5th Cir. April 7, 2020); *Henry v. DeSantis*, 2020 WL 2479447 (S.D. Fla. May 14, 2020); *Cavalry Chapel of Bangor v. Mills*, 2020 WL 2310913 (D. Me. May 9, 2020); *Cassell v. Snyders*, 2020 WL 2112374 (N.D. Ill. May 3, 2020); *Legacy Church, Inc. v. Kunkel*, 2020 WL 1905586 (D. N.M. Apr. 17, 2020); *Cross Culture Christian Ctr. v. Newsom*, 2020 WL 2121111 (E.D. Cal. May 5, 2020); *Gish v. Newsom*, 2020 WL 1979970 (C.D. Cal. Apr. 23, 2020); *McGhee v. City of Flagstaff*, 2020 WL 2308479 D. Az. May 8, 2020).

Plaintiffs point to *Wisconsin Legislature v. Palm*, 2020 WL 2465677 (Wis. May 13, 2020). But that case did not deal with any federal constitutional violations. Instead, the Wisconsin Supreme Court explicitly noted, "This case is not about Governor Tony Evers' Emergency Orders or the powers of the Governor." *Id.* at *1. That case concerned only whether the Secretary-designee of Wisconsin's Department of Health Service failed to abide by the Wisconsin statutes authorizing emergency rules. *Id.*

Which brings the Court to Plaintiffs' challenges that the Governor's orders failed to follow the relevant Oregon statutes for emergency orders. "When interpreting state law, federal

courts are bound by decisions of the state's highest court." *Arizona Elec. Power Coop., Inc. v. Berkeley*, 59 F.3d 988, 991 (9th Cir. 1995) (citing *In re Kirkland*, 915 F.2d 1236, 1238 (9th Cir. 1990). "In the absence of such a decision, a federal court must predict how the highest state court would decide the issue using intermediate appellate court decisions, decisions from other jurisdictions, statutes, treatises, and restatements as guidance." *Id.* (quoting *In re Kirkland*, 915 F.2d at 1239).

On May 18, 2020, Baker County Circuit Judge Matthew Shirtcliff weighed in on this matter and enjoined the Governor's relevant executive orders, finding (among other things) that the orders were subject to certain time limitations by both statute and the Oregon Constitution. Judge Shirtcliff specifically held that "by not complying with ORS 433.441(5) timelines, the Governor's subsequent Executive Orders 20-05 through 20-25 are also null and void."[1] Later that evening, the Oregon Supreme Court stayed Judge Shirtcliff's injunction and ordered an expedited briefing schedule. Those issues are now appropriately before the Oregon courts.

Because Plaintiffs are unlikely to succeed on the merits of their federal claims, their motion for emergency injunctive relief is DENIED as to their federal claims. Given that the Oregon Supreme Court will soon rule on the novel issue of state law, this Court declines to exercise supplemental jurisdiction over the state law claims.

IT IS SO ORDERED.

DATED this 19th day of May, 2020.

_____/s/ Michael McShane_____
**Michael J. McShane**
**United States District Judge**

---

[1] https://www.documentcloud.org/documents/6893734-JudgeShirtlickrulingElkhornBaptChurchcase.html

5 – OPINION AND ORDER