IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

OPEN OUR OREGON, et al.,

       Plaintiffs,

       v.

KATE BROWN, in her official capacity as
the Governor of the State of Oregon,
LILLIAN SHIRLEY, in her official
capacity as Public Health Director of
the State of Oregon,

       Defendants.

Civ. No. 6:20-cv-773-MC

ORDER

**MCSHANE, Judge**:

       Plaintiffs are numerous businesses who have been financially impacted by the government's response to the Coronavirus pandemic. Plaintiffs argue that the governor's response to the pandemic violates their civil rights, is arbitrary and capricious, is based on unsound data and science, and is politically motivated to disproportionately impact Republicans. Plaintiffs seek:

1 – OPINION AND ORDER

1. A judgment declaring that the Governor's Executive Order Nos. 20-07 and 20-12, are null and void, of no effect, insofar as those orders forbit the operation of Oregon businesses.

2. A judgment and orders temporarily, preliminarily, and finally enjoining defendants, and all those in active concert or participation with them, from enforcing, attempting to enforce, threatening to enforce, or otherwise requiring compliance with Executive Order No. 20-07 and Executive Order No. 20-12, insofar as those orders forbid the operation of Oregon businesses.

Compl. 21-22.

In May, the Court denied Plaintiffs' motion for injunctive relief, noting Plaintiffs demonstrated no likelihood of success on the merits of their claims. The order noted:

> The Supreme Court "has distinctly recognized the authority of a state to enact quarantine law and health law of every description." *Jacobson v. Commonwealth of Massachusetts*, 197 U.S. 11, 25 (quotations omitted). "According to settled principles, the police power of a state must be held to embrace, at least, such reasonable regulations established directly by legislative enactment as will protect the public health and public safety." *Id.* Like the Plaintiffs here, the Plaintiff in *Jacobson* argued mandatory vaccination laws were unreasonable, arbitrary and capricious, and violated his constitutional rights. In rejecting those arguments, the Court noted:
>
>> But the liberty secured by the Constitution of the United States to every person within its jurisdiction does not import an absolute right in each person to be, at all times and in all circumstances, wholly freed from restraint. There are manifold restraints to which every person is necessarily subject for the common good. On any other basis organized society could not exist with safety to its members. Society based on the rule that each one is a law unto himself would soon be confronted with disorder and anarchy. Real liberty for all could not exist under the operation of a principle which recognizes the right of each individual person to use his own, whether in respect of his person or his property, regardless of the injury that may be done to others. This court has more than once recognized it as a fundamental principle that persons and property are subjected to all kinds of restraints and burdens in order to secure the general comfort, health, and prosperity of the state; of the perfect right of the legislature to do which no question ever was, or upon acknowledged general principles ever can be, made, so far as natural persons are concerned. In *Crowley v. Christensen*, we said: The possession and enjoyment of all rights

>> are subject to such reasonable conditions as may be deemed by the
> governing authority of the country essential to the safety, health,
> peace, good order, and morals of the community. Even liberty
> itself, the greatest of all rights, is not unrestricted license to act
> according to one's own will. It is only freedom from restraint
> under conditions essential to the equal enjoyment of the same right
> by others. It is, then, liberty regulated by law.

*Id.* at 26-27 (citations and quotations omitted).

May 19, 2020 Opinion and Order, 3-4; ECF No. 28.

Although Plaintiffs argue the governor's orders violate their constitutional rights, *Jacobson* remains binding precedent and confirms Plaintiffs fail to state a claim for relief. Recently, in declining to enjoin a similar restriction, Chief Justice Roberts stated:

> The Governor of California's Executive Order aims to limit the spread of
> COVID-19, a novel severe acute respiratory illness that has killed thousands of
> people in California and more than 100,000 nationwide. At this time, there is no
> known cure, no effective treatment, and no vaccine. Because people may be
> infected but asymptomatic, they may unwittingly infect others. The Order places
> temporary numerical restrictions on public gatherings to address the extraordinary
> health emergency. State guidelines currently limit attendance at places of worship
> to 25% of building capacity or a maximum of 100 attendees.
>
> * * * *
>
> The precise question of when restrictions on particular social activities should be
> lifted during the pandemic is a dynamic and fact-intensive matter subject to
> reasonable disagreement. Our Constitution principally entrusts "[t]he safety and
> the health of the people" to the politically accountable officials of the states "to
> guard and protect." *Jacobson v. Massachusetts*, 197 U.S. 11, 38 (1905). When
> those officials "undertake[] to act in areas fraught with medical and scientific
> uncertainties," their latitude "must be especially broad." *Marshall v. United
> States*, 414 U.S. 417, 427 (1974). Where those broad limits are not exceeded, they
> should not be subject to second-guessing by an "unelected federal judiciary,"
> which lacks the background, competence, and expertise to assess public health
> and is not accountable to the people. See *Garcia v. San Antonio Metropolitan
> Transit Authority*, 469 U.S. 58, 545 (1985).
>
> This is especially true where, as here, a party seeks emergency relief in an
> interlocutory posture, while local officials are actively shaping their response to
> changing facts on the ground. The notion that is it "indisputably clear" that the
> Government's limitations are unconstitutional seems quite improbable.

3 – OPINION AND ORDER

*South Bay United Pentecostal Church v. Newsom*, 2020 WL 2813056, *1 (U.S. S. Ct. May 29, 2020) (Roberts, C.J., concurring) (alterations in original).

There is no doubt that the orders in question, which limit the number of people coming into close contact with one another, were rationally related to stemming the spread of the disease. In their response, Plaintiffs acknowledge as much. Response, 2 (recognizing that "of course any regulation that reduces human contact reduces the risk of transmission of disease."). Although Plaintiffs firmly believe the Governor should have taken different steps in response to the pandemic, this disagreement in the face of a rapidly-evolving public health crisis does not support claims that the orders violated Plaintiffs' constitutional rights.

There are additional, fatal defects with Plaintiffs' claims. For example, although Plaintiffs seek only injunctive relief, the executive orders they seek to enjoin are no longer in effect. Plaintiffs do not bother addressing Defendants' arguments that, because Plaintiffs' businesses are now permitted to reopen, the individual Plaintiffs must be dismissed for lack of standing. Plaintiffs specific claims fare no better. Although Plaintiffs bring an equal protection claim, they include no allegation or argument that any plaintiff is a member of a protected class. Although Plaintiffs argue the orders violate their fundamental rights to run their businesses, they point to no case remotely supporting the argument that temporary restrictions such as the orders in question rise to a complete government restriction on their right to engage in a chosen occupation. And although Plaintiffs generally allege the orders were enacted to harm Governor Brown's political opponents, such an allegation flies in the fact of the fact that virtually every governor in the country, of every political stripe, enacted similar restrictions.

Ultimately, as *Jacobsen* bars Plaintiffs' claims, the Court need not delve into the numerous deficiencies in each of Plaintiffs' specific claims (or their request to declare the

4 – OPINION AND ORDER

specific orders, which are no longer in effect, null and void). Defendants' Motion to Dismiss, ECF No. 29, is GRANTED. This action is DISMISSED, with prejudice.

IT IS SO ORDERED.

DATED this 8th day of September, 2020.

                                              _____/s/ Michael McShane_____
                                                 **Michael J. McShane**
                                               **United States District Judge**